# jackson|lewis.

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

DIRECT DIAL: 860-331-1534
EMAIL ADDRESS: VICTORIA.CHAVEY@JACKSONLEWIS.COM

February 13, 2018

**VIA ECF and E-MAIL** (Torres_NYSDChambers@nysd.uscourts.gov)
Analisa Torres, United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Lauren Bonner v. Point72 Asset Management, L.P. et. al.
1:18-cv-01233 (AT) (HBP)

Dear Judge Torres:

We represent Point72 Asset Management, L.P., Steven A. Cohen, and Douglas D. Haynes (collectively "Point 72") in the above-captioned matter and write to request, on an expedited basis, that the Complaint filed by Lauren Bonner yesterday be sealed temporarily pending the resolution of the Motion to Seal the Complaint and Motion to Compel Arbitration, to be filed separately by Point72. The Complaint includes highly confidential and sensitive allegations about third-parties, including purported compensation information.

Plaintiff's claims arise out of her ongoing employment relationship with Point72, an asset management firm located in Stamford, Connecticut. In connection with that employment, Plaintiff signed an Employment Agreement at the time of her hire, which prohibits her from disclosing, *inter alia*, "any and all non-public confidential and/or proprietary information" of Point72. (Exhibit A, Agreement Regarding Conditions of Employment, §§ 1(A)-(B).) Additionally, the Employment Agreement has a clear and conspicuous arbitration provision, by which Plaintiff agreed that "any dispute or controversy arising out of . . . the employment relationship" would "be settled by arbitration" held pursuant to the American Arbitration Association's ("AAA") Employment Arbitration Rules. (Exhibit A, § 10.) The AAA's Employment Rules provide that "[t]he arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary." (Exhibit B, AAA Rules, No. 23.); *see also Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (noting that parties who want "secrecy," "opt for arbitration").

**jackson|lewis.**

Analisa Torres, USDJ
Southern District of New York
February 13, 2018
Page 2

Plaintiff's counsel is aware of and has acknowledged the existence of the Employment Agreement and, specifically, the arbitration provision. Additionally, undersigned counsel highlighted for Plaintiff's counsel Plaintiff's confidentiality obligations under the Employment Agreement, as well as the arbitration provision during conversations on January 27, 2018. Nonetheless, in disregard of those obligations, Plaintiff has filed a Complaint against Point72 in this Court containing confidential information of Point72.

The public's right to access judicial documents is not absolute. *See Dorsett v. Cnty of Nassau*, 762 F. Supp. 2d 500, 516 (E.D.N.Y. 2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)); see *also United States v. Cicale*, 05-CR-60-2 (NGG), 2018 U.S. Dist. LEXIS 5325, at *7 (E.D.N.Y. Jan. 10, 2018) (citing *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("Even when the First Amendment right of access applies, [p]roceedings may be closed and, by analogy, documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. . . .Compelling interests warranting closure of a courtroom—and, by extension, sealing of court documents—may include . . .privacy interests of the defendant . . ."); Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction.").

In determining whether a document should be sealed, courts consider "the privacy interest" of the party resisting disclosure. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (stating that the relevant factors are "the degree to which the subject matter is traditionally considered private rather than public" and "the nature and degree of the injury" that will result from disclosing the information). The existence of a confidentiality agreement is relevant to this analysis. *See Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 3:11-CV-1209(CSH), 2013 U.S. Dist. LEXIS 110400, at *22 (D. Conn. Aug. 5, 2013) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) wherein portions of a hearing transcript were redacted to remove settlement information because the parties previously agreed to keep such information confidential).

Point72's privacy interests clearly weigh in favor of sealing the Complaint in this case. By signing an Employment Agreement with a nondisclosure provision, Plaintiff agreed not to disclose information about other Point72's employees' compensation. Even absent the nondisclosure provision, courts find non-party personnel information to be a proper subject of a motion to seal. *See, e.g., Edwards v. Khalil*, 12 Civ. 8442 (JCM), 2016 U.S. Dist. LEXIS 44407, at *3 n.5 (S.D.N.Y. Mar. 31, 2016) (in hostile work environment and gender discrimination case, discussing sealing of personnel records and the Court's efforts to "preserve the anonymity of the non-parties" whose sensitive and personal information was contained in those records). And, given that the disclosure of such specific confidential information is not necessary to state a claim of discrimination at this early stage of the litigation, it is clear that Plaintiff's intention in including the same in the Complaint is simply to harm Point72's reputational interests, cause upset among its employees by disclosing their confidential personnel information, and perhaps, generate publicity. *See Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015) ("[W]hat must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for

**jackson lewis.**

Analisa Torres, USDJ
Southern District of New York
February 13, 2018
Page 3

the proposition that the employer was motivated by discriminatory intent."). Such efforts should not be condoned.

Similarly, Plaintiff has already agreed to keep any disputes arising out of her employment relationship with Point72 confidential by agreeing to arbitrate the same according to the AAA Rules, which provide for the confidentiality of arbitration proceedings. Should the Complaint not be sealed, Point72 would lose the benefit of its binding and valid agreement with Plaintiff to arbitrate employment disputes confidentially. *See Mclaughlin v. Macquarie Capital (USA) Inc. et. al.*, No. 1:17-cv-09023, Docket Entry No. 3, at *2 (S.D.N.Y. Nov. 17, 2017) (granting similar request); *Walker v. Gore*, Case No. 1:08-cv-0549-DFH-WTL, 2008 U.S. Dist. LEXIS 84297, at *3-4 (D. Ind. Oct. 20, 2008) (temporarily sealing complaint and stating that "the parties agreed to private arbitration of their disputes . . . At least at this very early state of the litigation, it is reasonable to enforce the plaintiffs' promises to preserve confidentiality and to arbitrate disputes"); *Century Indemnity Co. v. Global Reinsurance Corp. of Am.*, No. 15-cv-6426-LTS, Docket Entry No. 11, at *1 (S.D.N.Y. Dec. 10, 2015) ("In light of the confidentiality provisions of the arbitration agreement and consent to confirmation of the award, the parties' request for continued sealed filing of the petition and the award is also granted.").

Accordingly, for the reasons stated herein, Point72 respectfully requests that Plaintiff's Complaint be sealed temporarily pending the resolution of the Motion to Compel Arbitration and Motion to Seal the Complaint, to be filed imminently by Point72.

Respectfully submitted,

JACKSON LEWIS, P.C.

*s/ Victoria Woodin Chavey*
Victoria Woodin Chavey