UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAUREN BONNER,

     Plaintiff,

-against-

POINT72 ASSET MANAGEMENT, L.P.,
STEVEN A. COHEN, in his individual and
professional capacity, and DOUGLAS D.
HAYNES, in his individual and professional
capacity,

     Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/2018
```

18 Civ. 1233 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

  On February 13, 2018, Defendants filed a letter motion to temporarily seal the complaint pending resolution of their motion to compel arbitration. ECF No. 9. For the reasons stated below, the motion is DENIED.

  A complaint is a "judicial document" that is entitled to a presumption of public access under the First Amendment and the common law. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139–40 (2d Cir. 2016). The presumption is not absolute, but a court must "make specific, rigorous findings before sealing the document or otherwise denying public access." *Id.* at 141 (quoting *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013)). In determining whether to seal a document under the common law, the Court must balance "competing considerations," including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). Any sealing must be "narrowly tailored" to serve those interests. *Id.*

  Defendants advance two arguments to support their application to seal the complaint. Both lack merit. First, Defendants argue that Plaintiff agreed to keep information in the complaint confidential in his employment agreement. The agreement prohibits Plaintiff from disclosing "any and all non-public confidential and/or proprietary information" belonging to Defendants. Employment Agreement § 1.A–B, ECF No. 9-1. Defendants fail, however, to point to any information in the complaint that falls into this category except for information about the compensation of their other employees. Even if the Court were to find that the parties agreed to keep this information confidential or that Defendants' privacy interest in this information outweighs the presumption of public access, the Court finds that sealing the entire complaint is not narrowly tailored to serve those interests. Defendants could have, but did not, apply to redact the relevant portions of the complaint in accordance with Rule IV.A of the Court's Individual Practices in Civil Cases.

      Second, Defendants argue that Plaintiff agreed to keep the information confidential by agreeing to arbitrate the dispute in accordance with the rules of the American Arbitration Association ("AAA"). The portion of the AAA Rules cited by Defendants states that "[t]he arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality." AAA Rules ¶ 23, ECF No. 9-2. That provision, however, speaks only of the obligation of the arbitrator to keep information confidential; it does not obligate the parties to do the same. Accordingly, Defendants' motion to seal the complaint is DENIED.

      SO ORDERED.

Dated: February 20, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge