**jackson|lewis**

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

Representing Management Exclusively in Workplace Law and Related Litigation

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

DIRECT DIAL: 860-331-1534
EMAIL ADDRESS: VICTORIA.CHAVEY@JACKSONLEWIS.COM

February 22, 2018

**VIA ECF and E-MAIL** (Torres_NYSDChambers@nysd.uscourts.gov)
Analisa Torres, United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  Lauren Bonner v. Point72 Asset Management, L.P. et. al.
          1:18-cv-01233 (AT) (HBP)
         **Consented-To Request to Seal Portions of Complaint**

Dear Judge Torres:

  On behalf of the Defendants (collectively "Point72"), pursuant to Rule IV.A of the Court's Individual Practices in Civil Cases, and for the reasons set forth in Point72's letter dated February 13, 2018 (ECF No. 9), we respectfully request, with the consent of the Plaintiff, that the Court seal portions of the Complaint by substituting the attached redacted Complaint for the Complaint currently on file (ECF No. 1). The redactions remove references to the purported compensation information of other Point72 employees, aside from Plaintiff.

  Because Plaintiff, through counsel, has consented to the proposed redactions and because the originally-filed Complaint includes highly confidential information regarding the purported compensation of third parties, the Court should grant this request. *See Dorsett v. Cnty of Nassau*, 762 F. Supp. 2d 500, 516 (E.D.N.Y. 2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)); see *also United States v. Cicale*, 05-CR-60-2 (NGG), 2018 U.S. Dist. LEXIS 5325, at *7 (E.D.N.Y. Jan. 10, 2018) (citing *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("Even when the First Amendment right of access applies, [p]roceedings may be closed and, by analogy, documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. . . .Compelling interests warranting closure of a courtroom—and, by extension, sealing of court documents—may include . . .privacy interests of the defendant . . ."); Fed. R. Civ. P. 5.2(d) ("The court may order that a filing be made under seal without redaction.").

**jackson|lewis**

Accordingly, Point72 respectfully requests, with Plaintiff's consent, that the Court enter an Order sealing portions of the Complaint (ECF No. 1) by substituting the attached redacted Complaint.

Respectfully submitted,

JACKSON LEWIS, P.C.

*s/ Victoria Woodin Chavey*
Victoria Woodin Chavey