UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAUREN BONNER,

                Plaintiff,

              -against-

POINT72 ASSET MANAGEMENT, L.P., STEVEN A. COHEN, in his individual and professional capacity, and DOUGLAS D. HAYNES, in his individual and professional capacity,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/5/2018
```

18 Civ. 1233 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, Lauren Bonner, brings this action under the Equal Pay Act, 29 U.S.C. § 206 *et seq.*, the New York Labor Law ("NYLL"), NYLL § 194 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* Defendants, Point72 Asset Management, L.P. ("Point72"), Steven A. Cohen, and Douglas D. Haynes, move to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and dismiss this action. ECF No. 19. For the reasons stated below, the motion to compel arbitration is GRANTED in part and DENIED in part, and the motion to dismiss is DENIED. The action is STAYED pending the arbitrator's ruling on whether Plaintiff's claims are arbitrable.

## BACKGROUND

    Point72 is a global asset management firm with a principal place of business in Stamford, Connecticut; it also has offices in Manhattan, New York. Compl. ¶¶ 25, 28, ECF No. 26. Cohen is the Chairman and Chief Executive Officer of Point72, *id.* ¶ 26, and Haynes is the President, *id.* ¶ 27. Plaintiff has been an Associate Director at Point72 since August 2016. *Id.* at ¶ 24.

    Plaintiff filed this action on February 12, 2018, alleging that Defendants paid her less

than male employees and denied her promotions because of her gender, harassed female employees, and retaliated against her for speaking out about Defendants' unlawful conduct. *Id.* ¶¶ 38–69,115–18, 144–47.

Plaintiff's Employment Agreement contains an arbitration clause, which states:

> The parties agree that any dispute or controversy arising out of or relating to this agreement, your offer letter, and/or the employment relationship, will be settled by arbitration, to be held in Stamford, Connecticut, in accordance with the employment arbitration rules, then in effect, of the American Arbitration Association; provided, however, that the arbitrator will be knowledgeable in industry standards and practices, that the power of the arbitrator will be limited to interpreting this agreement and/or the offer letter as written and that the arbitrator will state in writing the reasons for his or her award and the legal and factual conclusions underlying the award.  The award of the arbitrator will be final, and judgment upon the award may be confirmed and entered in any court, state or federal, having jurisdiction.

Employment Agreement ¶ 10, ECF No. 19-3.

Defendants move to compel arbitration pursuant to the Employment Agreement.  Def. Mem. at 3–9, ECF No. 19-1.  In the alternative, they move for an order directing that an arbitrator, rather than the Court, determine in the first instance whether Plaintiff's claims are subject to arbitration under the Employment Agreement.  *Id.* at 9–12.  Defendants also move to dismiss the action, *id.* at 12, or in the alternative, stay the action pending arbitration, *id.* at 13.

## DISCUSSION

I.    <u>Legal Standard</u>

The FAA reflects a "liberal federal policy favoring arbitration." *Laumann v. Nat'l Hockey League*, 989 F. Supp. 2d 329, 335 (S.D.N.Y. 2013) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  "[A]rbitration is a matter of contract, and therefore a party cannot be required to submit to arbitration any dispute which [it] has not

agreed so to submit." *Ragone v. Atlantic Video at Manhattan Ctr.*, 595 F.3d 115, 126 (2d Cir. 2010) (alterations in original) (quoting *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 171 (2d Cir. 2004)). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

Under the FAA, there is a general presumption that the issue of arbitrability should be resolved by the courts. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944–45 (1995). The Second Circuit has held that "the issue of arbitrability may only be referred to the arbitrator if there is *clear and unmistakable* evidence from the arbitration agreement, as construed by the relevant state law, that the parties intended that the question of arbitrability shall be decided by the arbitrator." *Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 208 (2d Cir. 2005) (quoting *Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002)).

"When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago*, 514 U.S. at 944. Under Connecticut law,[1] a court must look at the contract as a whole and give operative effect to all of its provisions. *See Nat'l Grange Mutual Ins. Co. v. Santaniello*, 290 Conn. 81, 89 (2009). "Analysis of the contract focuses on the intention of the parties as derived from the language employed." *Levine v.*

---

[1] The Employment Agreement specifies that it is governed by Connecticut law, Employment Agreement ¶ 11.B, and the parties do not dispute the validity of this choice-of-law provision, *see* Def. Mem. at 7–8; Pl. Opp. at 5, 8–10. The Court, therefore, applies Connecticut law to interpret the Employment Agreement.

*Advest, Inc.*, 244 Conn. 732, 745 (1998) (collecting cases). Where, as here, "the intention of the parties is to be determined without reference to extrinsic evidence, interpretation of the contract is a matter of law." *Id.* at 746.

II. <u>Analysis</u>

    A. Motion to Compel Arbitration

The Court concludes that the Employment Agreement clearly and unmistakably delegates the issue of arbitrability to the arbitrator. The Court does not, therefore, reach the question of whether the Employment Agreement requires Plaintiff's claims to be arbitrated.

The arbitration clause in the Employment Agreement states that arbitration shall take place "in accordance with the employment arbitration rules, then in effect, of the American Arbitration Association." Employment Agreement ¶ 10. Rule 6 of the American Arbitration Association's ("AAA") Employment Arbitration Rules and Mediation Procedures (the "AAA Employment Rules") provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." AAA Employment Rules § 6, ECF No. 19-4. Defendants argue that, pursuant to Rule 6, the incorporation of the AAA Employment Rules clearly and unmistakably delegates the issue of arbitrability to the arbitrator. Def. Mem. At 9–12. The Court agrees.

In *Contec*, the Second Circuit considered an arbitration clause that provided for arbitration to take place "in accordance with" the Commercial Arbitration Rules of the American Arbitration Association (the "AAA Commercial Rules"). 398 F.3d at 208. The court determined that Rule 7 of the AAA Commercial Rules, which mirrors Rule 6 of the AAA Employment Rules, "empowers an arbitrator to decide issues of arbitrability" because it delegates to the

4

arbitrator the power to rule on the existence, scope, or validity of the arbitration agreement. *Id.* The Court held that incorporation of the AAA Commercial Rules into the arbitration clause, therefore, "serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Id.*

"District [c]ourts within this Circuit have routinely applied *Contec's* holding to find the delegation of arbitrability clear and unmistakable where the AAA rules are incorporated by reference into the arbitration clause." *Doctor's Assocs., Inc. v. Tripathi*, No. 16 Civ. 562, 2016 WL 7634464, at *18 (D. Conn. Nov. 3, 2016) (collecting cases); *accord, e.g.*, *Arshad v. Transp. Sys., Inc.*, 183 F. Supp. 3d 442, 447 (S.D.N.Y. 2016). Here, the Employment Agreement incorporates the AAA Employment Rules, and Rule 6 of those rules delegates to the arbitrator the authority to determine the existence, scope, or validity of the arbitration clause. *Contec's* reasoning, therefore, applies with equal force in this case.

The cases cited by Plaintiff to support her argument that the Employment Agreement does not delegate the issue of arbitrability to the arbitrator are distinguishable. First, in *NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, the Second Circuit found that arbitrability was a decision for the district court because the arbitration provision in question had a "qualifying provision" that carved out of arbitration issues that "arguably cover[ed]" the plaintiff's claims. 770 F.3d 1010, 1032 (2d Cir. 2014). Here, however, it is undisputed that, at a minimum, the arbitrator has the power to "interpret[] th[e] [Employment] [A]greement." Employment Agreement ¶ 10; *see* Def. Mem. at 9; Pl. Mem. at 6. Therefore, the question of whether Plaintiff's claims are arbitrable under the Employment Agreement falls squarely within the scope of the arbitrator's contractually delegated authority. Second, in *Greene v. Subcontracting*

*Concepts, L.L.C.*, the court decided arbitrability because the contract at issue was "completely silent as to what entity is charged with deciding arbitrability." No. 13 Civ. 1500, 2014 WL 1087999, at *3 (S.D.N.Y. Mar. 19, 2014). The Employment Agreement here, however, delegates arbitrability to the arbitrator by incorporation of the AAA Employment Rules. Third, in *United Parcel Serv. v. Lexington Ins. Grp.*, the incorporation of the AAA rules was expressly limited to application of the contract's procedural rules, and the court concluded that it should decide arbitrability because the "question of arbitrability is a substantive one." No. 12 Civ. 7961, 2013 WL 1897777, at *2 (S.D.N.Y. May 7, 2013). There is no such limitation in the Employment Agreement here.

Accordingly, the Employment Agreement clearly and unmistakably delegates the question of arbitrability to the arbitrator. The Court, therefore, does not reach the question of the arbitrability of Plaintiff's claims.

   B. Motion to Dismiss

Where a court compels arbitration pursuant to a written agreement, the FAA and Connecticut law mandate that the action be stayed pending arbitration. *See* 9 U.S.C. § 3; Conn. Gen. Stat. Ann. § 52-409. Where, as here, Defendants seek dismissal of the action, the Court has discretion in determining whether to grant dismissal or a stay. *See, e.g.*, *Arnold v. D'Amato*, No. 14 Civ. 6457, 2015 WL 4503533, at *10 (S.D.N.Y. July 23, 2015).

"[W]here all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings." *Arrigo v. Blue Fish Commodities, Inc.*, 704 F. Supp. 2d 299, 305 (S.D.N.Y. 2010) (internal quotation marks omitted). Here, the Court has compelled the parties to arbitrate the question of the arbitrability of Plaintiff's claims,

but has not compelled arbitration of the claims themselves. If the arbitrator determines that any of Plaintiff's claims are not arbitrable under the Employment Agreement, litigation of those claims shall proceed in this Court. Accordingly, the Court shall stay the action pending the arbitrator's determination with respect to arbitrability.

## CONCLUSION

For the reasons stated above, Defendants' motion to compel arbitration is GRANTED in part, and Defendants' motion to dismiss is DENIED. The action is STAYED pending the arbitrator's ruling on the arbitrability on Plaintiff's claims.

The parties shall file a joint letter by **July 31, 2018**, and every sixty days thereafter, updating the Court on the status of arbitration. The parties shall also file a joint letter no later than seven days after the arbitrator's decision informing the Court of the decision.

SO ORDERED.

Dated: July 5, 2018
New York, New York

_____
ANALISA TORRES
United States District Judge